## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| DAVID JEFFERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19-CV-84 RLW |
| | ) |
| DEANDRA MOORE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of David Jefferson for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams,* 490 U.S. 319, 328 (1989); *Denton v. Hernandez,* 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes,* 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead

"enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action under the Fair Housing Act. Named as the only defendant in this action is Deandra Moore, the leasing manager at plaintiff's apartment building at Collins Terrace Apartments.

Plaintiff alleges that he leased a residence from defendant Moore. Plaintiff claims that Moore told him in March[1] of 2018 that she had not received his rent checks for February, March and April of 2018. At that time, she filed an eviction notice against plaintiff. Plaintiff complains that he spoke with his credit union who told him that defendant cashed the rent checks prior to his eviction hearing. Plaintiff does not indicate whether he was evicted by defendant. However, he states he would like to "catch up on the rent" and "stay in the apartment." Plaintiff further seeks $74,999 for damages for duress.

## Discussion

The Fair Housing Act makes it unlawful to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, on the basis of race, color, religion, sex, familial status, national origin, or handicap. 42 U.S.C. § 3604(b), (f). In this action, plaintiff has not alleged that he was discriminated on the base of his race, color, religion, sex, familial status, national origin, or handicap. As a result, the complaint fails to state a claim under the Fair Housing Act.

---

[1] Plaintiff's complaint states that this occurred in March of 2018. However, the Court is unsure if the rent checks for April of 2018 were due prior to that time.

2

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. # 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #3] is **DENIED** as moot.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 26th day of July, 2019.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE